Mrs. Lorena C. **REDDISH**, Plaintiff-Appellee,

v.

**LIBERTY NATIONAL LIFE INSUR-ANCE CO.**, Defendant-Appellant.

No. 73–1111

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 13, 1973.

William E. Smith, Americus, Ga., for defendant-appellant.

J. Frank Myers, Americus, Ga., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

In this case we are asked to decide whether under all the evidence presented the district court committed error in refusing to grant appellant's motion for judgment notwithstanding the verdict of the jury or in the alternative to grant a new trial. The district court concluded that the appellant did not meet the burden of proof necessary to show that appellee's husband was within the terms of the exclusion clause stated in the policy.

The insurance policy provided for double indemnity coverage if the insured died as the result of an accident. The insured met his untimely death along with his brother when the plane in which he was riding crashed. The insured's wife then instituted this present action under review seeking the double recovery under the insured's policy with the appellant. The appellant defended on the grounds that the double indemnity clause was not applicable to the wife's claim because of the exclusion clause contained within the insurance contract.[1]

The district court noted that it could not say with assurance that there was no adequate basis for the jury's conclusion. After reviewing the evidence, we con-

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. "Exclusions from coverage . . . Benefits for accidental death . . . shall not be payable if the death or loss re-sults directly or indirectly from . . . (f) Operating or riding in or descending from any kind of aircraft of which the insured was pilot, officer or member of the crew or in which the insured was given or receiving training or instruction or had any duties."

clude that reasonable men could reach different conclusions from the evidence presented. See, Boeing v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969). The judgment of the district court is affirmed.

Affirmed.